**Robert CLEVELAND, Petitioner— Appellant,**

v.

**People of the State of CALIFORNIA; Charles D. Marshall, Warden; Attorney General of the State of California, Respondents—Appellees.**

No. 00–56242.

D.C. No. CV–99–00185–DOC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2002.

Decided Feb. 25, 2002.

---

* The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

Before PREGERSON, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM *

In this Section 2254 case, Robert Cleveland asserts that he was denied his Sixth Amendment right to self-representation when the state trial court appointed counsel (over his objection) to represent him in probation revocation proceedings. The district court dismissed the petition on the ground that Cleveland had "apparently" acquiesced in the termination of his pro se status. To the same effect, the state maintains that the record reflects no objection by Cleveland to counsel's appearance on any of the dates on which his revocation proceeding took place, and that this suffices. We disagree.

The state court record is incomplete. Despite an order by the magistrate judge to produce it, the state never furnished a copy of the transcript of proceedings on July 15, 1993, the date on which the trial judge appointed counsel. Cleveland's verified petition raised the issue by stating that he "was not allowed" to proceed pro se, and his verified objection to the magistrate judge's Report and Recommendation specifically avers that he "objected to the appointment" of counsel but that the state trial judge nevertheless refused to allow him to represent himself. In the face of this evidence, and in the absence of the transcript to show otherwise, the record does not support summary dismissal on the ground articulated in the district court's order.

We decline to consider the state's alternative argument that Cleveland had the burden of producing the transcript, because it was not raised in the district court. *See Parks School of Business, Inc. v. Symington,* 51 F.3d 1480, 1488 n. 4 (9th Cir.1995).

We also decline to order the writ to issue, or to order that an evidentiary hearing be held, as Cleveland requests. All that we hold is that the district court should not have summarily dismissed Cleveland's petition on the ground that he "apparently" acquiesced in appointment of counsel. We express no opinion on whether there are procedural defects in Cleveland's claims (as the state contended in district court), or whether an evidentiary hearing will be needed in light of the July 15, 1993 transcript should the court reach that issue on the merits.

We reverse and remand for further proceedings consistent with this disposition.

REVERSED AND REMANDED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.